John Heenan
Colette B. Davies
BISHOP, HEENAN & DAVIES
1631 Zimmerman Trail
Billings, MT 59102
Telephone: (406) 839-9091
john@bhdlawyers.com
colette@bhdlawyers.com

Timothy M. Bechtold
Bechtold Law Firm, P.L.L.C.
PO Box 7051
Missoula, MT 59807
406-721-1435
tim@bechtoldlaw.net

Attorneys for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION**

| | |
|---|---|
| L.B., individually and on behalf of D.B., a minor,<br><br>  Plaintiffs,<br>vs.<br><br>UNITED STATES OF AMERICA, BUREAU OF INDIAN AFFAIRS and DANA BULLCOMING, agent of the Bureau of Indian Affairs sued in his individual capacity,<br><br>  Defendants. | Cause No.<br><br><br><br>**COMPLAINT** |

COME NOW Plaintiffs, by and through their attorneys, and for their Complaint against Defendants, allege as follows:

1. Plaintiff L.B. was at all relevant times a resident and citizen of the District of Montana, Billings Division, residing in Lame Deer, Montana. L.B. is the mother and sole guardian of D.B., a minor.

2. On or about October 31, 2015, in Lame Deer, Montana, L.B. reported to law enforcement that her mother was driving while drunk. BIA officer Dana Michael Bullcoming responded, and after finding L.B.'s mother was safe, left the scene and went to talk to L.B. at her residence.

3. Officer Bullcoming entered L.B.'s home without her consent. L.B. had fallen asleep on a living room sofa and awoke to find Officer Bullcoming standing over her.

4. Officer Bullcoming asked if L.B. was alone, and she responded that her children were asleep in another room.

5. Officer Bullcoming then told L.B. that he would need to call social services and arrest her for child endangerment because she was intoxicated while in the presence of her children.

6. L.B. told Officer Bullcoming that she had started a new job and that she would lose it if arrested.

7. Officer Bullcoming placed L.B. into custody and had her take a breathalyzer, which tested low.

8. With L.B. in custody, Officer Bullcoming told her that "something had to be done." L.B. asked Officer Bullcoming if he meant "sex" when he said, "something had to be done," and he replied "yes." Because L.B. was in custody, L.B. could not consent to sex with Officer Bullcoming.

9. Officer Bullcoming had unprotected sexual intercourse with L.B. without her consent, and then left the residence. L.B. became pregnant as result of the encounter and D.B. is the biological child of L.B. and Officer Bullcoming.

10. Officer Bullcoming was at all times acting under color of law within the course and scope of his employment and authority as a BIA law enforcement officer.

11. In 2017, the United States criminally charged Officer Bullcoming with violating 42 U.S.C. §1983, specifically alleging that Officer Bullcoming, while acting under color of law, coerced a victim into sexual intercourse with him under threat of arrest if she refused and that his conduct deprived L.B. of Constitutional rights, including to not be deprived of liberty without due process, and the right to "bodily integrity."

12. Officer Bullcoming subsequently pleaded guilty to the crime of deprivation of rights under color of law pursuant to 42 U.S.C. §1983.

13. This action is brought against the United States pursuant to the Federal Tort Claims Act (28 U.S.C. §2671, et seq.), 28 U.S.C. §§1346(b)(1), and 42 U.S.C.

§1983 for money damages as compensation for the injuries and damages incurred and continuing to be incurred by D.B. and L.B. that were caused by the negligent and wrongful acts and omissions of Officer Bullcoming, an employee of the United States Government acting within the scope of his office and employment, under circumstances where the United States, if a private person, would be liable to the Plaintiffs in accordance with the laws of the State of Montana.

14. Venue is proper in the Billings Division because the pertinent facts occurred in Big Horn County, Montana.

15. Officer Bullcoming's conduct as described herein constituted false arrest, sexual intercourse without consent, assault, sexual assault, deprivation of federal and state constitutional rights, deprivation of bodily liberty, abuse of process, violation of substantive due process, battery, negligent infliction of emotional distress, intentional infliction of emotional distress, and/or false imprisonment of L.B.

16. Officer Bullcoming was at all times described herein a law enforcement officer and his conduct occurred in the course of investigative and/or law enforcement activities.

17. The United State is liable for the actions and conduct of Officer Bullcoming as he was acting within the course and scope of his employment as a law enforcement officer for the United States.

18. The actions and conduct of Officer Bullcoming violated the rights of Plaintiff L.B. to be free from unreasonable detention, search, and seizure under the Fourth Amendment and to deprivation of liberty- including bodily liberty- under the Fifth Amendment.

19. The actions and conduct of Officer Bullcoming violated the substantive due process rights of Plaintiff L.B. under the Fourteenth Amendment. Defendants' actions shock the conscience and offend the community's sense of fair play and decency.

20. Defendants acted with recklessness, callous indifference to, or disregard for, the rights of Plaintiffs.

21. Plaintiffs have suffered and will suffer injuries, losses and damage. Pursuant to the Federal Tort Claims Act, the Bureau of Indian Affairs, by and through the United States, is liable for all damages and losses to Plaintiffs in an amount to be determined at trial.

22. Plaintiffs have exhausted their administrative remedies under the Federal Tort Claims Act, and this matter is now properly before this Court.

WHEREFORE Plaintiffs pray for judgment against Defendants for all damages to which they are entitled in such categories and in such amounts as deemed appropriate by the jury and this Court.

DATED this 23rd day of April, 2018.

/s/John Heenan
BISHOP, HEENAN & DAVIES

/s/Timothy Bechtold
BECHTOLD LAW FIRM

Attorney for Plaintiffs