IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



FILED
AUG 2 8 2019
Clerk, U S District Court
District Of Montana
Billings

| | |
|---|---|
| L.B., individually and on behalf of D.B. a minor,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA, BUREAU OF INDIAN AFFAIRS, and DANA BULLCOMING, an agent of the Bureau of Indian Affairs sued in his individual capacity,<br><br>Defendants. | CV-18-74-BLG-SPW<br><br>ORDER |

Before the Court are United States Magistrate Judge Timothy Cavan's findings and recommendations filed July 16, 2019. (Doc. 60). Judge Cavan recommends this Court deny Plaintiffs' motion for summary judgment (Doc. 23) and grant Defendant United States of America's cross motion for summary judgment. (Doc. 34).

I. **Standard of review**

Plaintiffs filed timely objections to the findings and recommendations. (Doc. 62). Plaintiffs are entitled to de novo review of those portions of Judge

1

Cavan's findings and recommendations to which they properly object. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

## II. Background

Plaintiffs do not object to Judge Cavan's background section. Judge Cavan's background section is adopted in full.

To summarize, in 2015, Bureau of Indian Affairs Officer Dana Bullcoming coerced L.B. into having sex while she was intoxicated under threat of legal ramifications if she did not do so due to her being intoxicated in the presence of her children. As a result of the sex, L.B. was impregnated and subsequently gave birth to D.B. In 2017, Officer Bullcoming was convicted in federal court for deprivation of rights under color of law, in violation of 18 U.S.C. § 242. Plaintiffs brought this action against the United States and Officer Bullcoming pursuant to the Federal Tort Claims Act and 42 U.S.C. § 1983. Plaintiffs filed a motion for summary judgment on the FTCA claim. The United States responded with a cross motion for summary judgment on the FTCA claim.

Judge Cavan recommended the Court deny Plaintiffs' motion for summary judgment and grant the United States' motion for summary judgment because, in Judge Cavan's view, Officer Bullcoming was not acting within the scope of his employment, a jurisdictional prerequisite to an FTCA claim.

## III. Discussion

Plaintiffs make two objections to Judge Cavan's recommendation. First, Plaintiffs argue Judge Cavan misapplied *Millbrook v. United States*, 569 U.S. 50, 52 (2013). Second, Plaintiffs argue Judge Cavan misapplied current Montana law and request in the alternative that the Court certify the issue to the Montana Supreme Court.

### A. *Millbrook*

Plaintiffs argue under *Millbrook*, a law enforcement officer's intentional tort must only "arise" within the scope of employment as opposed to the intentional tort itself being within the scope of employment. The Court acknowledges the Supreme Court's phrasing of its conclusion was slightly clumsy, but the opinion clarifies any confusion. The Supreme Court twice stated the act or omission giving rise to the claim must be "within the scope of his office or employment." *Millbrook*, 569 U.S. at 55. Plaintiffs fail to cite any court which has interpreted *Millbrook* to require something other than the tort must be committed "within the scope of [the employee's] office or employment." Plaintiffs' first objection is overruled.

### B. Current Montana law

Plaintiffs argue current Montana law imposes vicarious liability on an employer when the employer has a non-delegable duty.

Plaintiffs' argument is accurate but misplaced. The Federal Tort Claims Act waives the United States' immunity for certain torts committed by its employees "while acting within the scope of [their] office or employment." 28 U.S.C. §§ 1346(b)(1), 2680(h). Whether an employee was acting within the scope of his employment is determined by the laws of the state where the act occurred. *Wilson v. Drake*, 87 F.3d 1073, 1076 (9th Cir. 1996). Crucially, however, the FTCA does not incorporate the States' other theories of vicarious liability. *Primeaux v. United States*, 181 F.3d 876, 878 (8th Cir. 1999). An act committed outside the scope of employment which an employer would normally be liable for under another theory of vicarious liability does not fall within the FTCA's waiver of immunity. *Pierson v. United States*, 527 F.2d 459, 464 (9th Cir. 1975) (even if employee had apparent authority to commit the act, the United States would nonetheless be immune if conduct was not within scope of employment). State common law cannot override the text of the FTCA. *Alinsky v. United States*, 415 F.3d 639, 645 (7th Cir. 2005); *see also Logue v. United States*, 412 U.S. 521, 528 (2005) (holding the FTCA's contractor exception did not simultaneously adopt state common law exceptions to the exception).

Thus, Plaintiffs are correct Montana imposes vicarious liability on an employer when the employer has a non-delegable duty, but Plaintiffs are incorrect that Montana's non-delegable duty liability is available here. Non-delegable duty liability, like the apparent authority liability discussed in *Pierson*, is a theory of agency law separate and distinct from scope of employment liability. *See generally Faragher v. City of Boca Raton*, 524 U.S. 775 (1998) (discussing theories of agency law). *Primeaux*, *Pierson*, and *Alinsky* are clear that the FTCA does not recognize a state's other theories of vicarious liability. It waives the United States' immunity only for acts within the scope of employment. Because the Plaintiffs do not dispute Officer Bullcoming's acts were not within the scope of his employment under Montana law as articulated in the controlling case *Maguire v. State*, 835 P.2d 755 (Mont. 1992), the FTCA bars the claim.

C.   **Motion to certify the issue to the Montana Supreme Court**

Plaintiffs argue in the alternative the Court should certify to the Montana Supreme Court the issue of whether Officer Bullcoming's conduct was within the scope of employment.

District courts enjoy broad discretion to certify questions to state supreme courts. *Eckard Brandes, Inc. v. Riley*, 338 F.3d 1082, 1087 (9th Cir. 2003). Certification may be appropriate when a determinative issue in the case involves

important state law questions which remain unclear or unresolved under current precedent. *Virginia v. American Booksellers Ass'n*, 484 U.S. 383, 393-398 (1988). There is a presumption against certification after the federal district court has issued its decision. *Thompson v. Paul*, 547 F.3d 1055, 1065 (9th Cir. 2008). Litigants should not be given a second bite at the apple after an adverse decision. *Thompson*, 547 F.3d at 1065; *see also Enfield v. A.B. Chance Co.*, 228 F.3d 1245, 1255 (10th Cir. 2000) ("Although the issues raised by the City are novel and somewhat difficult, the City did not seek certification until after it received an adverse ruling from the district court. That fact alone persuades us that certification is inappropriate."); *Perkins v. Clark Equip. Co., Melrose Div.*, 823 F.2d 207, 209-210 (8th Cir. 1987) (noting that request for certification was not made "until after the motion for summary judgment had been decided against them," and stating that this "practice . . . should be discouraged. Otherwise, the initial federal court decision will be nothing but a gamble with certification sought only after an adverse ruling.").

The Court denies Plaintiffs' motion to certify for two reasons. First, Plaintiffs filed their motion for certification after receiving an adverse recommendation from Judge Cavan. Although Judge Cavan's recommendation does not constitute a final decision from the Court, parties should be discouraged

from seeking certification of an issue after a magistrate issues an adverse recommendation. *Perkins*, 823 F.2d at 209-210. Second, there is no question of state law that is unclear or unresolved. Currently, Montana defines scope of employment to mean "in furtherance of his employer's interest" or "for the benefit of his master." *Maguire*, 835 P.2d at 758. It is clear, just as the Montana Supreme Court decided in *Maguire*, that sexual assault is outside the scope of employment under that test. Although Montana may at some future point articulate a different test, there is no unresolved question about which test courts should currently apply.

## IV. Conclusion and order

1. Judge Cavan's findings and recommendations (Doc. 60) are adopted in full;

2. Plaintiffs' motion for summary judgment (Doc. 23) is denied;

3. The United States' motion for summary judgment (Doc. 34) is granted;

4. Plaintiffs' motion to certify (Doc. 62) is denied;

5. Plaintiffs' objections (Doc. 62) are overruled;

DATED this 27th day of August, 2019.

Susan P. Watters
United States District Court Judge