MARK STEGER SMITH
TIMOTHY A. TATARKA
Assistant U.S. Attorneys
U.S. Attorney's Office
2601 Second Avenue North, Suite 3200
Billings, MT 59101
Phone: (406) 247-4667 – Mark
       (406) 247-4642 – Tim
Email: mark.smith3@usdoj.gov
       tim.tatarka@usdoj.gov

RANDY J. TANNER
Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 8329
Missoula, MT 59807
101 E. Front St., Suite 401
Missoula, MT 59802
Phone: (406) 329-4268
Email: randy.tanner@usdoj.gov

ATTORNEYS FOR DEFENDANT
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| L.B.,<br><br>        Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA, BUREAU OF INDIAN AFFAIRS, and DANA BULLCOMING, an agent of the Bureau of Indian Affairs sued in his individual capacity,<br><br>        Defendants. | CV 18-74-BLG-SPW-TJC<br><br>UNITED STATES' COMBINED BRIEF IN SUPPORT OF:<br><br>(1) MOTION TO STRIKE OR, ALTERNATIVELY, FOR LEAVE TO FILE A SURREPLY TO L.B.'S EMERGENCY MOTION FOR HEARING AND<br><br>(2) MOTION REGARDING ORAL ARGUMENT ON EMERGENCY MOTION AND MOTIONS FOR SUMMARY JUDGMENT |

## INTRODUCTION

In her reply brief filed in support of her emergency motion for a hearing, L.B. raises several new arguments and theories that could have been raised in her opening brief but were not. (*See* Doc. 126.) As one example, L.B.'s leading argument in her reply brief is that the United States should be judicially estopped from relying on Bullcoming's deposition testimony. (*Id.* at 3–6.) The argument has no merit. Regardless, L.B. made no mention of judicial estoppel in her opening brief, and the United States has not had a chance to respond to that argument. L.B. makes several other arguments for the first time in her reply brief. The Court should strike L.B.'s judicial estoppel argument or, alternatively, allow the United States to file a surreply so that it can respond to the new argument.

Even with her new arguments, L.B. again fails to identify any emergency warranting a hearing. For instance, L.B.'s new leading argument—judicial estoppel—appears to be a request to exclude Bullcoming's deposition testimony even though L.B. has not filed a motion in limine to that effect. L.B. asks that if the Court does not exclude the testimony, then she should be allowed to conduct more discovery. But, as L.B. explained in her opening brief, her counsel made the strategic decision to not conduct additional discovery following the remand even though the Montana Supreme Court held that further development of the facts was

necessary—specifically, Bullcoming's motivation for having sex with L.B. (Doc. 116 at 1–2.) L.B.'s purported emergency is a product of her own making, and with trial starting on June 20, 2023, there is no exigency for the Court to address.

Finally, in her summary judgment reply brief, L.B. proposes that oral argument on that motion and her emergency motion be heard concurrently. This, too, is a proposal to which the United States has not had an opportunity to respond. For all the reasons the United States has provided in its briefing, no hearing on L.B.'s emergency motion is necessary. Nevertheless, the United States respectfully requests that if the Court sets a hearing on L.B.'s emergency motion or her motion for summary judgment, the hearing should be set concurrently with the United States' forthcoming cross-motion for summary judgment. L.B. does not oppose this request.

I. **The Court should either strike the portions of L.B.'s reply brief that raise new arguments or, alternatively, allow the United States to file a surreply.**

Courts routinely strike or decline to consider arguments raised for the first time in a reply brief. *See Vasquez v. Rackauckas*, 734 F.3d 1025, 1054 (9th Cir. 2013) ("Because we do not consider issues raised for the first time in reply briefs, we deem this late-raised argument forfeited."); *B.Y.O.B., Inc. v. Mont.*, 2015 WL 5671182, at *4, n.2 (D. Mont. Sept. 25, 2015) ("The Department's collateral

estoppel argument will also not be considered at this time because it was raised for the first time in the Department's reply brief." (citation omitted)); *Rios-Diaz v. Butler*, 2014 WL 12591682, at *7 (D. Mont. Apr. 1, 2014) (collecting cases and refusing to address new arguments raised for the first time in a reply brief).

In explaining the basis for this rule, this Court quoted the D.C. District Court:

> The Court highly disfavors parties creating new arguments at the reply stage that were not fully briefed during the litigation. . . . By placing a new argument in the Reply, Plaintiff does not permit Defendant or Intervenor-Defendant to completely respond to such an argument.

*Rios-Diaz*, 2014 WL 12591682, at *7 (quoting *Public Citizen Health Research Group v. Nat'l Insts. of Health*, 209 F. Supp. 2d 37, 44 (D.D.C. 2002)). In other words, when a moving party raises an argument for the first time in a reply brief, that unfairly deprives the non-moving party of an opportunity to address the argument. *BlueEarth Biofuels, LLC v. Hawaiian Elec. Co., Inc.*, 2011 WL 1230144, at *8 (D. Hawaii Mar. 28, 2011) ("[A] fundamental purpose behind this rule is to prevent the unfair surprise and prejudice that can result from an untimely filed argument." (cleaned up)).

4

Here, L.B. improperly raises several new arguments in her reply brief. She made no semblance of these arguments in her opening brief, even though she had the opportunity to do so:

- L.B. argues for the first time in her reply brief that the United States should be judicially estopped from relying on Bullcoming's deposition testimony. (Doc. 126 at 3–6.) This is an entirely new theory, baseless as it might be. L.B.'s opening brief makes no mention at all of judicial estoppel.

- L.B. contends that the United States' "attempt to rely on officer Bullcoming's false testimony is proof that it understands it cannot avoid liability." (Doc. 126 at 6–7.) This, again, is an entirely new argument found nowhere in L.B.'s opening brief.

- L.B. claims AUSA Tanner should have advised the Federal Defenders of Bullcoming's deposition or provided Bullcoming a *Miranda* warning. (Doc. 126 at 7.) L.B. did not make this argument in her opening brief.

- L.B. argues the Court should ignore the attorney-client privilege and the psychotherapist privilege because the United States lacks "standing" to assert them. (Doc. 126 at 11–13.) Again, L.B. never made this argument in her opening brief.

- L.B. argues the United States waived Bullcoming's psychotherapy privilege because it asked him at his deposition about his motivation for having sex with L.B. (Doc. 126 at 13). L.B. did not make this argument in her opening brief.

Not one of these arguments has merit,[1] but L.B. has unfairly deprived the United States of a chance to respond by making them for the first time in her reply brief.

---

[1] The Local Rules prevent the United States from responding to the merits of these arguments, absent leave of the Court. *See* Local Rule 7.1(d)(1)(D). The United

5

This is not a situation where new evidence materialized after L.B. filed her opening brief or that the new arguments were somehow not available when L.B. filed her opening brief. L.B.'s emergency motion focuses on Bullcoming's deposition, which was taken before L.B. filed her motion. Bullcoming's full deposition was available by video and, in fact, the United States cited to the video in its response brief, which was filed under seal before the deposition transcript was available. L.B. could have done the same—it was her counsel who improperly video-recorded the deposition. More generally, though, L.B.'s new arguments advance new legal theories, not new factual evidence. L.B. could have made these same legal arguments in her opening brief, but she did not. By holding these arguments back until the reply brief, she unfairly deprived the United States of an opportunity to respond.

The standard remedy for arguments raised for the first time in a reply brief is to strike them or decline to consider them. This Court's decisions overwhelmingly favor that approach.[2] In fact, in cases where the non-moving party sought leave to

---

States, therefore, does not include its responses to L.B.'s new arguments in this brief.

[2] *See, e.g.*, *Hayashi v. Travelers Cas. Ins. Co. of Am.*, 2022 WL 3541873, at *3, n.3 (D. Mont. Aug. 18, 2022); *United States v. DeFrance*, 577 F. Supp. 3d 1085 (D. Mont. 2021); *Native Ecosystems Council v. Marten*, 2018 WL 6480709, at *11, n.4 (D. Mont. Dec. 10, 2018); *Oltz v. Safeco Ins. Co. of Am.*, 306 F. Supp. 3d 1243,

file a surreply in response to a newly-raised argument, the Court denied the request because it would not consider the newly-raised argument in the first place. *See, e.g.*, *Native Ecosystems Council v. Weldon*, 2011 WL 13193257, at *15 (D. Mont. June 7, 2011); *see also Est. of Peterson v. City of Missoula, Mont.*, 2013 WL 1026767, at *6 (D. Mont. Feb. 7, 2013) (concluding that, even after surreply was filed, arguments raised for the first time in a reply brief were not properly before the court).

The Court should not reward L.B. for waiting until her reply brief to raise new arguments and theories. The Court should strike L.B.'s judicial estoppel argument or decline to consider it. Entertaining L.B.'s new arguments would only encourage parties to hold arguments back from their opening brief and save them for the reply, depriving the non-moving party of a chance to respond. Should the Court, however, consider L.B.'s new arguments, the United States requests leave

---

1259 (D. Mont. 2018); *Aarestad v. Tricon Realty, Inc.*, 2017 WL 8794901, at *6 (D. Mont. Oct. 23, 2017); *Schiel-Leodoro v. Colvin*, 2016 WL 718820, at *3 (D Mont. Jan. 29, 2016); *B.Y.O.B., Inc.*, 2015 WL 5671182, at *4, n.2; *Tyson v. Lipsett*, 2015 WL 12591705, at *5 (D. Mont. Jan. 14, 2015); *Rios-Diaz*, 2014 WL 12591682, at *7; *Donahue v. Colvin*, 2014 WL 12543845, at *5, n.3 (D. Mont. March 14, 2014); *Green v. Mont. Dep't of Public Health and Human Servs.*, 2014 WL 229828, at *13, n.6 (D. Mont. Jan. 21, 2014); *Kopeikin v. Moonlight Basin Mgmt., LLC*, 981 F. Supp. 2d 936, 939, n.1 (D. Mont. 2013).

to file a surreply so that it may respond to the judicial estoppel argument. *See* Local Rule 7.1(d)(1)(D).

## II. If the Court orders a hearing, it should order a single hearing rather than multiple hearings.

In her reply brief filed in support of her motion for summary judgment, L.B. asks that oral argument on that motion be heard at the same time as a hearing on her emergency motion. (Doc. 128 at 14.) As the United States has noted before, there is no emergency requiring a hearing, and the relief L.B. seeks in her emergency motion is not properly before the Court. Nonetheless, if the Court holds a hearing on L.B.'s motion for an emergency hearing or her motion for summary judgment, the United States asks that it do so concurrently with oral argument on the United States' forthcoming cross-motion for summary judgment. The United States intends to file its opening brief by January 13, 2023. This would allow for a single hearing on the motions rather than multiple hearings. Given the intertwined nature of the summary-judgment arguments, judicial economy strongly favors a single hearing. With trial set to start on June 20, 2023, no parties will be prejudiced by having a single hearing rather than multiple hearings. L.B. does not oppose this request.

## CONCLUSION

For the reasons above, the United States respectfully requests the Court strike L.B.'s judicial estoppel argument, raised for the first time in her reply brief (Doc. 126) or, alternatively, allow the United States to file a surreply so that it may respond to the argument. The United States further requests that any oral argument on L.B.'s motion for summary judgment or emergency hearing be held concurrently with oral argument on the United States' forthcoming cross-motion for summary judgment.

DATED this 3rd day of January 2023.

JESSE A. LASLOVICH
United States Attorney


/s/ Randy J. Tanner
Mark S. Smith
Tim A. Tatarka
Randy J. Tanner
Assistant U.S. Attorneys
Attorneys for Defendant,
United States of America

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(d)(2)(E), the attached brief is proportionately spaced, has a typeface of 14 points and contains 1,586 words, excluding the caption and certificate of compliance.

**DATED** this 3rd day of January, 2023.

>/s/ Randy J. Tanner
>Mark S. Smith
>Tim A. Tatarka
>Randy J. Tanner
>Assistant U.S. Attorneys
>Attorneys for Defendant,
>United States of America