IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| L.B., individually and on behalf of D.B., a minor,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA, BUREAU OF INDIAN AFFAIRS, and DANA BULLCOMING, agent of the Bureau of Indian Affairs sued in his individual capacity,<br><br>Defendants. | CV 18-74-BLG-DWM<br><br>ORDER |

On September 30, 2024, Plaintiff L.B. moved to compel Defendant Dana Bullcoming to answer questions he unilaterally refused to answer his December 14, 2022 deposition, and to compel the government to produce Defendant Bullcoming's presentence report and psychosexual evaluation for *in camera* review. (Doc. 160.) The government does not oppose the former request (with qualification) but does oppose the latter. (Doc. 162.)

Under the Federal Rules of Civil Procedure, an examining party may properly seek an order compelling an answer if a deposition witness refuses to answer a question. Fed. R. Civ. P. 37(a)(3)(B)(i). As Defendant Bulllcoming

1

refused to answer questions during his deposition on December 14, 2022, Plaintiff's request for an order compelling Defendant to answer is granted. *See id.*

Plaintiff's other requests are less straightforward. The Supreme Court has noted that "in both civil and criminal cases the courts have been very reluctant to give *third parties* access to the presentence investigation report prepared for some other individual or individuals." *U.S. Dep't of Justice v. Julian*, 486 U.S. 1, 12 (1988). This is because courts fear the chilling effect such disclosure may have on the willingness of criminal defendants to contribute information to such reports and the need to protect the confidentiality of the information contained therein. *Id.* "Accordingly, the courts have typically required some showing of special need before they will allow a third party to obtain a copy of a presentence report." *Id.* Plaintiff has demonstrated "special need" because of the difficulty in obtaining the information from other sources, and the Plaintiff seeks only a narrowly tailored portion of information. *See id.* (internal citations omitted). Thus, the "ends of justice are served" by limited disclosure here. *See id.* (internal citations omitted).

Even if discoverable, the admissibility of information contained in a presentence report at trial poses its own challenges, particularly hearsay and Rule 403 balancing. As a result, presentences reports are generally not "admitted wholesale," and a party cannot use the "guise of impeachment" to put inadmissible information before a jury. *See Wilson v. Maricopa Cnty.*, 2007 WL 686726, at *5

2

(D. Ariz. 2007).  As a result, Plaintiff will not be given access to Defendant's presence report, except for the pertinent three references attached to this Order and provided under seal.

As it relates to Defendant Bullcoming's psychological information, both Montana law and federal law protect psychologist-client privilege.  The Montana Code provides that the "confidential relations and communications between a psychologist, psychiatrist, licensed professional counselor, or licensed clinical social worker and a client must be" protected "on the same basis as provided by law for those between an attorney and a client."  Mont. Code Ann. § 26-1-807.  The United States Supreme Court also recognizes a federal psychologist-patient privilege and has definitively concluded that "the federal privilege should also extend to confidential communications made to licensed social workers in the course of psychotherapy."  *Jaffee v. Redmond*, 518 U.S. 1, 15 (1996).  Thus, Defendant Bullcoming's psychosexual evaluation is privileged.

Accordingly, IT IS ORDERED that Plaintiff's motion to compel, (Doc. 160), is GRANTED IN PART and DENIED IN PART as follows:

(1) The request to re-open Defendant Bullcoming's deposition is GRANTED.  Questioning shall include only the identities of the women Defendant Bullcoming has had sexual encounters with when on duty as a BIA police officer, and the circumstances of any of those encounters, even if consensual;

3

(2) The request for *in camera* review of Defendant Bullcoming's presentence report in *United Staes v. Bullcoming*, 17-cr-00089-SPW-1 (Mont.), is GRANTED. The pertinent references are attached to this Order under seal; and

(3) The request to compel disclosure of Defendant Bullcoming's psychosexual evaluation is DENIED.

DATED this 18th day of October, 2024.

Donald W. Molloy, District Judge
United States District Court