IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| L.B.,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA, and BUREAU OF INDIAN AFFAIRS,<br><br>Defendants. | CV 18-74-BLG-DWM<br><br><br>ORDER |

In 2018, Plaintiff L.B., a Northern Cheyenne tribal member, brought this suit, individually and on behalf of D.B., against the United States of America, the Bureau of Indian Affairs ("BIA"), and BIA Officer Dana Bullcoming functionally asserting a *Bivens* claim[1] and state-law claims against Officer Bullcoming, and seeking to hold the government liable under the Federal Tort Claims Act ("FTCA") for Officer Dana Bullcoming's coercion of L.B. into sexual intercourse, which resulted in her child, D.B. (*See* Doc. 1; Doc. 42 ¶ 2.) L.B. moved unopposed to dismiss D.B.'s claims in the case, (Doc. 78), and the Court granted

---

[1] The District Court explains that "[t]he fact that L.B. incorrectly cite[d] § 1983 is not fatal" and "the Court has jurisdiction of L.B.'s *Bivens* claim under its general federal question jurisdiction, 28 U.S.C. § 1331. It may exercise supplemental jurisdiction of L.B.'s state tort claims under 28 U.S.C. § 1367(a)." (Doc. 85 at 7.)

1

her motion, (Doc. 79). Having failed to answer, the Court ordered default judgment against Officer Bullcoming and awarded damages in the amount of $1,611,854 to L.B. (Docs. 88, 89.) Upon L.B.'s appeal of a grant of summary judgment in favor of the United States, (Doc. 90), the Ninth Circuit certified the following question to the Montana Supreme Court: under Montana law, do law-enforcement officers act within the course and scope of their employment when they use their authority as on-duty officers to sexually assault members of the public? *L.B. v. United States*, 8 F.4th 868, 872 (9th Cir. 2021); (Doc. 92 at 1). The Montana Supreme Court reframed the question and ruled that a triable issue of fact existed as to whether Officer Bullcoming was acting in the scope of his employment under the facts as certified. *See L.B. v. United States*, 409 Mont. 505, 511, 518, 522–23 (Mont. 2022).

Following remand, the District Court again granted summary judgment in favor of the United States, which L.B. appealed. (Doc. 152.) The Circuit reversed and remanded the case to be tried before a different judge. (Doc. 156.) This case was then reassigned to Judge Donald W. Molloy in July of 2024. (Doc. 157). A bench trial is set for February 4, 2025. (Doc. 159.)

The United States now moves in limine. (Doc. 168.) Originally, the government moved to exclude five categories of evidence as inadmissible, (*id.*), and L.B. objected to all categories except one, (Doc. 171). The United States then

filed a notice in which the parties stipulated to the damages amount in this case, and the government conceded its motion in limine is accordingly moot as to two categories of evidence. (Doc. 173 at 2.) Because the parties are familiar with the facts, they are not recounted here. For the reasons set out below, the government's motion is granted in part and denied in part.

## LEGAL STANDARD

"A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). Courts have "wide discretion" in considering and ruling upon a motion in limine. *Trichtler v. Co. of Lake,* 358 F.3d 1150, 1155 (9th Cir. 2004). A court will grant a motion in limine and exclude evidence only if the evidence at issue is "inadmissible on all potential grounds." *Frost v. BNSF Ry. Co.*, 218 F. Supp. 3d 1122, 1133 (D. Mont. 2016) (internal quotation marks omitted). Evidence that is admissible on some grounds should be deferred until trial because "[a]lthough rulings on motions in limine may save time, costs, effort and preparation, a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Educ. Logistics Inc. v. Laidlaw Transit, Inc.*, 2012 WL 1142513, at *1 (D. Mont. Apr. 4, 2012). A district court may also "change an *in limine* ruling at trial if facts or circumstances arise to warrant the

change." *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1070 (9th Cir. 2017).

## ANALYSIS

The United States originally moved in limine to exclude the following five categories of evidence because each is inadmissible on its face: (a) technical research articles and studies identified by L.B. in briefing and depositions; (b) undisclosed expert opinion; (c) opinions from Dr. Ann Adair regarding "hedonic damages;" (d) purported sexual assaults that occurred after the assault in this case; and (e) privileged testimony from Bullcoming's psychosexual evaluator. (Doc. 168.) L.B. objected to all categories except the final category. (Doc. 171.) The parties then stipulated to a damages award in this case, and the government accordingly acknowledged its motion in limine should be denied as moot as to the second and third categories of evidence. (*See* Doc. 173.) For the reasons outlined below, the government's motion in limine is granted in part and denied in part.

i. **Motion in Limine**

   a. **Technical Articles and Studies**

The government argues that the technical articles and studies[2] that L.B. relied upon in her second motion for summary judgement, on appeal, and in

---

[2] The government lists the following articles and studies: The Cato Institute, The Cato Institute's National Police Misconduct Reporting Project, 2010 Annual Report (2010); Stacie Hahn, *To Protect and to Serve: Municipal Vicarious*

4

discovery are inadmissible hearsay and lack foundation. (Doc. 169 at 7–8.) L.B. argues that the articles and studies fall within the learned treatise exception to the hearsay rule, Fed. R. Evid. 803(18), because a Court may consider such evidence by judicial notice, which is warranted here because the publications are inherently trustworthy as they were written for scholarly purposes, not litigation. (*Id.* at 8–11.) Therefore, L.B. argues that this Court should judicially notice these articles and studies, and consider them. (*Id.*) In response, the government argues that expert testimony is a predicate requirement for the application of the learned treatise exception, which L.B. cannot establish. (Doc. 172 at 7.) Ultimately, the government is correct.

The articles and studies are out-of-court statements offered for the truth of the matter asserted, and accordingly are inadmissible hearsay unless excepted. *See* Fed. R. Evid. 801(c), 802. Rule 803(18) of the Federal Rules of Evidence states

---

*Liability for a Sexual Assault Committed by a Police Officer*, 18 Sw. U. L. Rev. 583, 595 (1989); George L. Kelling, National Institute of Justice Research Report: "Broken Windows" and Police Discretion (National Institute of Justice 1999); Timothy M. Maher, *Police Sexual Misconduct: Officers' Perceptions of its Extent and Causality*, 28 Crim. J. Rev. 355 (Autumn 2003); William F. Merrill, *The Art of Interrogating Rapists*, 64 FBI Law Enforcement Bulletin 1 (1995); Philip Matthew Stinson, et al., *The Situational Context of Police Sexual Violence: Data and Policy Implications*, 12 Fam. Intim. Partn. Violence Q. 59 (2020); Philip Matthew Stinson, Police Integrity Lost: A Study of Law Enforcement Officers Arrested, Final technical Report (2016); Cara Trombadore, *Police Officer Sexual Misconduct: An Urgent Call to Action in a Context Disproportionately Threatening Women of Color*, 32 Harv. J. Racial & Ethnic Just. 153 (Spring 2016). (Doc. 169 at 7–8.)

that "[a] statement contained in a treatise, periodical, or pamphlet" is "not excluded by the rule against hearsay" if "the statement is called to the attention of an expert witness on cross-examination or relied on by the expert on direct examination; and the publication is established as a reliable authority by the expert's admission or testimony, by another expert's testimony, or by judicial notice." Fed. R. Evid. 803(18). Rule 803(18) only applies if both requirements are met. *Persian Gulf Inc. v. BP West Coast Prods.*, 632 F.Supp.3d 1108, 1132 (S.D. Ca. 2022) (explaining the dual requirements of Rule 803(18)); *Burgess v. Premier Corp.*, 727 F.2d 826, 834 (9th Cir. 1984) (applying same). Here, though L.B. has shown the studies and articles are reliable, it does not appear on the current record that either party has disclosed an expert witness that would allow the requirement of expert testimony to be met.[3] Accordingly, because Rule 803(18) does not permit the Court to admit—or take judicial notice of—learned treatises in the absence of expert testimony, the motion in limine as to this evidence is granted.

### a. Dr. Ann Adair Opinions regarding Hedonic Damages and Undisclosed Expert Testimony of Weston and Counseling Records of Herzog

---

[3] L.B. has disclosed only one expert witness: Ann Laing Adair, Ph.D. (*Id.* at 2–3.) Adair is an economist who provided a preliminary assessment regarding the cost to raise a child from the age of two through seventeen. (*Id.* at 5–14.) The United States has disclosed only Seam Black, CPA, as its damages expert. (*Id.* at 25–26.)

6

The government argues that the Court should exclude Dr. Adair's opinions regarding hedonic damages because they are unreliable under *Daubert v. Merrell Dow Pharm., Inc.* 509 U.S. 579 (1993). L.B. argues that damages are no longer at issue in this case because the district court has already entered default judgement against Officer Bullcoming and damages to L.B. (Doc. 171 at 6–7, 11–12.)

The government argues that the Court should exclude the testimony provided at the hearing for Officer Bullcoming's default judgment of Rebecca Burns Weston,[4] LCSW/Therapist, and the counseling records submitted by counselor Susan Herzog because L.B. did not properly disclose either as expert witnesses pursuant to Rule 26 of the Federal Rules of Civil Procedure. (Doc. 169 at 6–8; Doc. 172 at 9–10.) L.B. again argues that damages are no longer at issue and, therefore, Weston and Herzog will not be called to testify at trial and the government's motion in limine is moot as to this evidence. (Doc. 171 at 6–7, 11–12.)

The parties then filed a notice stipulating to the damages amount in this case in which the government asserted that the portion of the motion in limine seeking to exclude these categories of evidence now requires no ruling. (Doc. 173 at 2.) Accordingly, the motion in limine is denied as moot as to Dr. Adair's opinions on

---

[4] The government incorrectly refers to Weston as "Watson" in its Rely. (Doc. 171.)

7

hedonic damages, the testimony of Susan Herzog, and the counseling records of Rebecca Burns Weston.

### b. Purported Sexual Assaults of Other BIA Officers

The government argues that the Court should exclude evidence of alleged sexual assaults by BIA officers—other than Officer Bullcoming—that occurred after Officer Bullcoming's sexual assault of L.B. (Doc. 169 at 17; Doc. 172 at 16.) Specifically, the government references Special Agent in Charge Lenora Nioce's[5] testimony that the BIA and FBI are currently investigating the sexual assault of a 14-year-old girl committed by a BIA officer that allegedly occurred in 2024 on the Northern Cheyenne Reservation. (Doc. 169 at 22; 169-5 at 5–9.) The government argues that this evidence is inadmissible on two grounds: a prohibited use of "other acts," that does not fall within a permitted use, see Fed. R. Evid. 404(b), and irrelevancy, see Fed. R. Evid. 401. While L.B. argues such evidence is admissible to be used in the Court's determination of vicarious liability, particularly to the Court's consideration of the Restatement § 229 factor[6] of whether the act is

---

[5] The government refers to Special Officer in Charge Jonathan Tsosie, but cites to Agent Nioce's deposition, (Doc. 169-5). (Doc. 169 at 22.)

[6] In deciding *L.B. v. United States*, the Montana Supreme Court "adopt[ed] Restatement § 229 in its entirety. Restatement § 229, entitled 'Kind of Conduct Within Scope of Employment,' provides the following factors to determine whether conduct, although not authorized, may be similar or incidental to the conduct authorized thus making it within the scope of employment: (a) whether or not the act is one commonly done by such servants; (b) the time, place and purpose of the act; (c) the previous relations between the master and the servant; (d) the

8

commonly done by employees. (Doc. 171 at 12.). Both parties are, in part, correct.

The Court cannot admit evidence of alleged sexual assaults committed by other BIA officers to prove Officer Bullcoming's "character in order to show that on" that the night he sexually assaulted L.B. or on any other "particular occasion" he "acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, the Court may admit this evidence for determination of vicarious liability. Specifically, whether an act is commonly done by employees. *See L.B. v. United States*, 408 Mont. 505, 516 (Mont. 2022) (utilizing Restatement § 229 factors to determine the kind of conduct that is within scope of employment). The admission of this evidence for such use is not a "prohibited use" of "other acts" within the meaning of Rule 404(b)(1) and is relevant within the meaning of Rule 401. The specific use of this evidence cannot be ascertained at this stage and will be "deferred until trial . . . [to] be resolved in the proper context." *BNSF,* 2010 WL 4337827 at *1. .

---

extent to which the business of the master is apportioned between different servants; (e) whether the act is outside the enterprise of the master or, if within the enterprise, has not been entrusted to any servant; (f) whether or not the master has reason to expect that such an act will be done; (g) the similarity in quality of the act done to the act authorized; (h) whether or not the instrumentality by which the harm is done has been furnished by the master to the servant; (i) the extent of departure from the normal method of accomplishing an authorized result; and (j) whether or not the act is seriously criminal. Restatement (Second) of Agency § 229." 408 Mont. 505, 516 (Mont. 2022).

9

### c. Testimony of Bullcoming's Psychosexual Evaluator

L.B. agrees with the government that the testimony of Officer Bullcoming's psychosexual evaluator, Michael Sullivan, is privileged, and does not intend to call him as a witness at trial. (Doc. 171 at 16.) Accordingly, the motion in limine is denied as moot as to this category of evidence.

### CONCLUSION

Based on the foregoing, IT IS ORDERED that the government's motion in limine, (Doc. 168), is GRANTED in part and DENIED in part.

DATED this 23rd day of January, 2025.

_____
Donald W. Molloy, District Judge
United States District Court