IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| L.B., | CV 18-74-BLG-DWM |
| Plaintiff, | |
| vs. | OPINION |
| | and ORDER |
| UNITED STATES OF AMERICA and BUREAU OF INDIAN AFFAIRS, | |
| Defendants. | |

Following a one-day bench trial, judgment was entered under the Federal

Tort Claims Act in favor of Plaintiff L.B. and against the United States of America

and the Bureau of Indian Affairs on February 25, 2025, (Doc. 193), pursuant to the

Court's Findings of Fact and Conclusions of Law, (Doc. 192).  On March 6, 2025,

L.B. submitted an application for the taxation of costs, requesting $5,344.33.

(Doc. 194.)  The government objects.  (Doc. 195.)  L.B. did not respond to the

government's objection.  L.B. then moved unopposed for the Court to enter an

order on the application for taxation of costs.  (Doc. 196.)  Ultimately, L.B.'s costs

are taxed in the amount of $4,370.63.

1

ANALYSIS

Rule 54 of the Federal Rules of Civil Procedure provides that "costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law." Fed. R. Civ. P. 54(d)(1). The Federal Tort Claims Act, which provided L.B.'s cause of action here, does not provide for the recovery of costs. *See generally* 28 U.S.C. §§ 1346(b), 2671–80. However, the Equal Access to Justice Act states that "a judgment for costs, as enumerated in section 1920 of this title . . . may be awarded to the prevailing party in any civil action brought by or against the United States or any agency . . . of the United States . . . in any court having jurisdiction of such action." 28 U.S.C. § 2412(a)(1). Section 1920 permits only the following taxable costs:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

2

While appearing straightforward, assessing costs under this statute is complicated by the language "necessarily obtained for use in the case" because this phrase and each of its terms are not defined therein. Many courts used local rules to mitigate disputes regarding this language. However, the Local Rules for the District of Montana no longer include guidance in this area, and the present dispute between the parties here highlights the need for clarification. Accordingly, the analysis below clarifies how the language of Section 1920(2) "necessarily obtained for use in the case" should be interpreted. Under this interpretation, $4,370.63 of L.B.'s requested $5,344.33 costs are recoverable.

## I.    Interpreting Section 1920(2)

### a. Overview

As indicated above, Section 1920(2) allows fees for "transcripts necessarily obtained for use in the case." Because Section 1920 does not define "necessarily obtained for use in the case" used in subsection (2), courts often rely on local rules to standardize the meaning of this language.[1] Prior to 2022, the Local Rules for the District of Montana contained the following presumption regarding when

---

[1] *See e.g., Haagen-Dazs Co. v. Double Rainbow Gourmet Ice Creams, Inc.*, 920 F.2d 587, 588 (9th Cir. 1990) (per curiam) (relying, in part, on the Local Rules of the Northern District of California to determine the meaning of "necessarily obtained for use in the case"); *Broadband iTV, Inc. v. Hawaiian Telcom, Inc.*, 2015 WL 9274092, at *1–2 (D. Haw. Nov. 25, 2015) (relying, in part, on Local Rules of the District of Hawaii).

3

transcripts are necessary: "[a]bsent an objection, the clerk will presume it was reasonably necessary for the moving party to obtain . . . transcripts of depositions and court proceedings used at trial, after trial, or in supporting or opposing a motion for summary judgment." D. Mont. L.R. 54.1(b)(1)(B)(ii) (2019). This Court then extended that presumption regarding "reasonably necessary" to opposed requests, generally concluding that it was appropriate to "tax costs associated with the transcripts and videos that were used in trial, after trial, or in summary judgment." *See, e.g.*, *Wooten v. BNSF Ry. Co.*, 387 F. Supp. 3d 1078, 1118 (D. Mont. 2019) ("*Wooten I*") (applying Local Rule presumption), *aff'd Wooten v. BNSF Ry Co.*, 819 F. App'x 483 (9th Cir. 2020) ("*Wooten II*"); *Wells v. BNSF*, 2024 WL 3431463, at *3 (D. Mont. July 15, 2024) (citing *Wooten I*); *Asarco LLC v. Atl. Richfield Co.*, 2018 WL 11225131, at *4 (D. Mont. Oct. 5, 2018) (applying Local Rule presumption).

In 2022, our Court revised its Local Rules, removing the presumptive language identified above. *See* D. Mont. L.R. 54.1 (2022). That language remains omitted from the current rules. *See* D. Mont. L.R. 54.1 (2024). Local Rule 54.1 now states, in relevant part, that the "application for the taxation of costs . . . shall be limited to the costs permitted by 28 U.S.C. § 1920" and "[if] objections are filed, the court shall make a determination and issue an order as to the costs." D. Mont. L.R. 54.1(a), (c)(2) (2024). Thus, the Local Rules neither contain a

4

presumption of necessity nor define necessary in this context. Nor has there been any subsequent decisions in this District analyzing "necessarily obtained for use in the case" under Section 1920(2) in the absence of that presumptive language.[2] Accordingly, the meaning of this language in 1920(2) requires clarification, which is provided below. Despite the Local Rule revision, the interpretation of Section 1920(2) remains functionally the same, as it properly reflects the statutory language and caselaw throughout the Circuit that has interpreted it.

### b. Interpretation

The discretion of a court to award costs, Fed. R. Civ. P. 54(d); *Trans Container Servs. (BASEL) A.G. v. Security Forwarders, Inc.*, 752 F.2d 483, 488 (9th Cir. 1985), is cabined by Section 1920 permitting only specific taxable costs, *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–42 (1987).

Transcripts under Section 1920(2) include those "of pretrial as well as trial proceedings" that are "necessarily obtained for use in the case." *Indep. Iron Works, Inc. v. U.S. Steel Corp.*, 322 F.2d 656, 677 n.26 (9th Cir. 1963). "Use in the case" is not limited, however, to "documents which were actually used in the

---

[2] In a May 2022 decision, the Court acknowledged the 2022 revision but then analyzed the request for costs under the prior version of the Local Rules based on when the plaintiff's application for costs had been filed. *Shivley v. Canyon Creek Memory Care Community, LLC*, 20-120-BLG-SPW, Doc. 122 at 2 n.1 (D. Mont. May 20, 2022).

case and made part of the record." *Haagen-Dazs Co. v. Double Rainbow Gourmet Ice Creams, Inc.*, 920 F.2d 587, 588 (9th Cir. 1990) (per curiam) (internal quotation marks omitted) (discussing § 1920(4)); *see CP Anchorage Hotel 2, LLC v. UNITE HERE! Local 878*, 2023 WL 5319245, at *1 (9th Cir. Aug. 18, 2023). Rather, "the words 'use in the case' in Section 1920 mean that the transcript must have a direct relationship to the determination and result of the trial[,]" *U.S. Fidelity & Guar. Co. v. Lee Invs. LLC*, 2010 WL 3037500, at *4 (E.D. Ca. Aug. 2, 2010), or summary judgment, *see Haagen-Dazs Co.*, 920 F.2d at 588.

"Necessarily obtained" within the meaning of Section 1920(2) requires a "matter of necessity" rather than one of "convenience," *Atl. Inertial Sys. Inc. v. Condor Pac. Indus. of Cal., Inc.*, 2012 WL 12878308, at *2 (C.D. Cal. Jan. 19, 2012), and "[w]hether a transcript or deposition is necessary must be determined in light of the facts known at the time the expense was incurred[,]" *Ruff v. Cnty. of Kings*, 700 F. Supp. 2d 1225, 1247 (E.D. Cal. Mar. 24, 2010) (internal quotation marks omitted). As to deposition transcripts specifically, "[i]f depositions were merely useful for discovery then they" were "incidental to normal preparation for trial" and are "not taxable." *Indep. Iron Works, Inc.*, 322 F.2d at 677; *see also Mendoza v. Lithia Motors, Inc.*, 2021 WL 354108, at *2 (D. Or. Feb. 2, 2021) ("A deposition need not be indispensable to justify an award of costs; rather it must

6

only be reasonably necessary at the time it was taken" and not "merely for counsel's convenience.")

Based on the foregoing, upon objection to a bill of costs, a transcript should be considered "necessarily obtained for use in the case" within the meaning of Section 1920(2) if used at trial, after trial, or in support of or opposition to summary judgment. However, if used in any other way, the prevailing party must demonstrate that the transcript had a direct relationship to the trial or summary judgment, though introduction into evidence is not required, *see Haagen-Dazs Co.*, 920 F.2d at 588. As to deposition transcripts, if solely used for discovery, then such deposition transcripts are not "necessarily obtained for use in the case" within the meaning of Section 1920(2). However, if the deposition was "reasonably necessary at the time it was taken" and not "merely for counsel's convenience[,]" *see Mendoza*, 2021 WL 354108, at *2, then that deposition was "necessarily obtained for use in the case" within the meaning of Section 1920(2), as is demonstrated by Dr. Adair's deposition, which is discussed below.

## II.    L.B.'s Application for Costs

L.B. has requested the following costs be taxed:

| | |
|---|---|
| Fees of Clerk | $400 |
| Fees for service of summons and subpoenas | $267.90 |
| Fees for printed and electronically recorded transcripts necessarily obtained for use in the case | $1,030.30 |

7

| | |
|---|---|
| Fees and disbursements for printing | $268.00 |
| Fees for witnesses | $120.00 |
| Other costs (Deposition Fees) | $3,258.13 |
| TOTAL | $5,344.33 |

(Doc. 194.)  The government objects to the $1,030.30 related to transcripts, $564.60 for Dr. Adair's deposition transcript, and $268.00 for printing.  Because the government's objections are partially well-taken, L.B.'s cost award is reduced to $4,370.63.

### a. Transcripts

L.B. claims costs for six transcripts:

**TRANSCRIPTS**

| Date | Description | Amount | |
|---|---|---|---|
| 11/25/2019 | LaPierre court transcript | $ | 306.60 |
| 11/26/2019 | US District Court -Transcript fee | $ | 37.80 |
| 10/15/2020 | Richard Mattson Court Reporter; MFSJ Transcript | $ | 223.10 |
| 10/25/2023 | U.S. District Court; Transcript for appeal | $ | 345.80 |
| 6/5/2024 | Rev.com transcript | $ | 46.50 |
| 6/7/2024 | Rev.com transcript | $ | 70.50 |
| | **Total** | $ | **1,030.30** |

(Doc. 194 at 3.)  The first transcript, ordered on November 25, 2019, is of the default judgment hearing on November 20, 2019.  (*See* Doc. 194 at 13; Docs. 76, 81, 82.)  The second transcript, ordered November 26, 2019, is of Officer Bullcoming's criminal sentencing hearing on May 10, 2018.  (*See* Doc. 194 at 14.)

8

The third transcript, ordered October 9, 2020, is of "[m]otions for summary judgment." (*See* Doc. 194 at 15.)  The fourth transcript, ordered August 11, 2023, is of a May 12, 2023 hearing regarding motions pending at that time.[3]  (*See* Doc. 194 at 16; Docs. 147, 151, 155.)  The last two transcripts, ordered in early June 2024, are of the parties' arguments before the Ninth Circuit.  (*See* Doc. 194 at 17.)

As explained above, Section 1920(2) permits, as a taxable cost, the "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case."  The government argues that because none of the above transcripts were used at trial and the Court did not reference them in its Findings of Fact and Conclusions of Law, they were not "necessarily obtained for use in the case" meaning their associated fees should not be taxed as costs.  The government is only partially correct.  Contrary to the government's argument, the Court did rely on the transcript of Bullcoming's sentencing hearing in its Findings of Fact and Conclusions of Law.  (*See* Doc. 192 at ¶ 69 (directly quoting the transcript).)

Nonetheless, the government is correct that the L.B. has failed to show that the remaining transcripts were necessarily obtained for use in the case.  These transcripts were not used in or after trial, and, upon review of the summary judgment briefing and responses that occurred following the date of the first

---

[3] These motions included a cross-motion for summary judgment, a motion to strike, a motion for summary judgment, a motion on default judgment and bench trial, and an emergency motion for hearing.  (*See* Docs. 133, 129, 105, 116, 136.)

transcript order, (Docs. 106, 128, 138), L.B. also did not use any of these transcripts at the summary judgment stage.  Thus, L.B. would need to demonstrate that each transcript had a direct relationship to the trial or summary judgment.  She has not done so.

Accordingly, L.B.'s transcript costs will be taxed in the amount of $306.60.

### b.  Dr. Ann Adair's Deposition Transcript

L.B. claims the cost of Dr. Adair's deposition transcript in the amount of $546.60.  (*See* Doc. 194 at 8.)  Dr. Adair, an expert in economics, was retained by L.B. to opine on the issue of damages.  (*See* Doc. 169-2.)  The government objects to the taxation of this cost because L.B. did not use this transcript at trial and the parties stipulated to damages prior to trial.  (*See* Doc. 173.)  As explained above, if a deposition was "reasonably necessary at the time it was taken" and not "merely for counsel's convenience[,]" *see Mendoza*, 2021 WL 354108, at *2, then that deposition was "necessarily obtained for use in the case" within the meaning of Section 1920(2).  Here, at the time Dr. Adair's deposition was taken, damages were still disputed.  Accordingly, Dr. Adair's deposition transcript is taxed in the amount of $546.60.

### c.  Printing

L.B. claims the following printing costs:

**PRINTING**

| Date | Descripton | Amount |
|---|---|---|
| 4/24/2018 | Printing | $14.00 |
| 9/18/2018 | Printing | $4.00 |
| 2018 - 2024 | Printing | $250.00 |
| | Total | $268.00 |

(Doc. 194 at 3.)

Section 1920(3) permits "fees and disbursements for printing" as a taxable cost. Local Rule 54(1)(a) states that "[s]ufficient documentation showing the amount of costs (including but not limited to, copies of invoices, receipts, orders, vouchers billing statements, etc.) is required. Failure to attach sufficient documentation to support a claimed cost is grounds for disallowance of that particular item." The government objects to the taxation of costs as to the final entry of "2018–2024 printing" because L.B. provides no documentation to substantiate this cost amount. Because sufficient documentation is required, but not provided, (*see generally* Doc. 194), the government's objection is sustained. Accordingly, printing costs will be taxed in the total amount of $18.00.

11

## CONCLUSION

Based on the foregoing, IT IS ORDERED that L.B.'s motion, (Doc. 196), is

GRANTED and her application for the taxation of costs, (Doc. 194), is GRANTED

IN PART and DENIED IN PART as outlined above.  Costs are assessed in the

amount of $4,370.73 and the Clerk is directed to update the judgment index.

DATED this ___ day of May, 2025.

Donald W. Molloy, District Judge
United States District Court